## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROLYN E. O'CONNOR,         )
                                      )
               Plaintiff,        )
                                      )
           v.                  )       Civil Action No.  22-3075 (UNA)
                                      )
JANE DOE, *et al.*,               )
                                      )
             Defendants.     )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint.  The Court grants the application and, for the reasons stated below, dismisses the complaint.

Plaintiff resides at the Harriet Tubman Women's Shelter operated by Catholic Charities in the District of Columbia.  Compl. at 1.  She alleges that another resident assaulted her, twice, yet shelter staff protect the perpetrator and Metropolitan Police Department officers fail to arrest her.  *See generally id.* at 1-2.  Plaintiff demands a court Order for the perpetrator's arrest and criminal prosecution.[1]  *See id.* at 3, 5.

---

[1]  Insofar as plaintiff brings a tort claim against the alleged perpetrator, the claim is dismissed for lack of jurisdiction.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A tort claim does not present a federal question, and because the parties appear to be residents of the District of Columbia, plaintiff does not demonstrate diversity jurisdiction.

The Court has no authority to order the perpetrator's arrest or prosecution.  Whether to the commence or terminate criminal proceedings is a decision for the Executive Branch of the government, not the judiciary.  *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *Volovets v. Clinton*, No. 22-5207, 2022 WL 5239553, at *1 (D.C. Cir. Oct. 6, 2022) (per curiam) ("insofar as [appellant] seeks relief based on the purported 'criminal' nature of his allegations, his suit fails because, as a private party, he cannot bring claims under criminal law or seek to compel the criminal investigation or prosecution of the defendants"); *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (finding judicial authority is "non-existent" when the court is asked to intrude into the process of prosecutorial decisionmaking by a party without standing to raise the claim); *Moses v. Kennedy*, 219 F. Supp. 762, 764 (D.D.C 1963) (finding that decisions "to arrest, cause to be imprisoned, and institute criminal prosecutions" are "discretionary, and decisions respecting such actions are committed to the Executive branch of the Government, not to the courts"), *aff'd sub nom. Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965); *see also Carter v. United States*, 684 A.2d 331, 343 (D.C. 1996) (admonishing, on remand, that "trial court . . . be acutely aware that the exclusive constitutional authority to execute the laws and decide whom to prosecute lies in the executive branch," and that "[i]t is not for the judiciary to intrude into this prosecutorial function").

A separate order accompanies this Memorandum Opinion.

DATE: February 10, 2023                    /s/
                                           RUDOLPH CONTRERAS
                                           United States District Judge